# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA



FILED
14 JAN 30 PM 2:30

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JAIME CUADRA (1) | Case Number: 13CR2298-H |
| | David R. Cohn |
| | Defendant's Attorney |

**REGISTRATION NO.** 40210-298

☒ Modification of Restitution Order (18 U.S.C § 3664)

☒ pleaded guilty to count(s)    1 and 2 of the Information.

☐ was found guilty on count(s) _____
    after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1343 | WIRE FRAUD | 1 |
| 26 USC 7206(1) | FILING A FALSE INCOME TAX RETURN | 2 |

The defendant is sentenced as provided in pages 2 through    5    of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is     dismissed on the motion of the United States.

☒ Assessment : $200.00 ($100.00 per count).

☒ Fine waived     ☒ Restituion pursuant to order filed    January 27, 2014   , included herein.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

November 4, 2013
Date of Imposition of Sentence

HON. MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

DEFENDANT: JAIME CUADRA (1)
CASE NUMBER: 13CR2298-H

Judgment - Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:
COUNT 1: 41 MONTHS.
COUNT 2: 36 MONTHS TO RUN CONCURRENT WITH COUNT 1.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ A.M. on _____
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☒ on or before Friday January 31, 2014 by 12:00 P.M.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

| DEFENDANT: | JAIME CUADRA (1) | Judgment - Page 3 of 5 |
|---|---|---|
| CASE NUMBER: | 13CR2298-H | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
COUNT 1: 3 YEARS.
COUNT 2: 1 YEAR TO RUN CONCURRENT WITH COUNT 1.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons unless removed from the United States.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (*Check, if applicable.*)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- ☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC section 3583(a)(7) and 3583(d).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (*Check if applicable.*)
- ☐ The defendant shall participate in an approved program for domestic violence. (*Check if applicable.*)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| DEFENDANT: | JAIME CUADRA (1) | Judgment - Page 4 of 5 |
|---|---|---|
| CASE NUMBER: | 13CR2298-H | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

3. Provide complete disclosure of personal and business financial records to the probation officer as requested.

4. Not engage in the employment or profession of financial officer, accounting or accountant, or in any position involving fiduciary responsibilities.

5. Shall notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name or entity, including a trust, partnership or corporation after the execution of the plea agreement until the fine or restitution is paid in full.

6. Shall notify the Collections Unit, United States Attorney's Office, before defendant transfers any interest in property owned directly or indirectly by defendant, including any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

| DEFENDANT: | JAIME CUADRA (1) | Judgment - Page 5 of 5 |
|---|---|---|
| CASE NUMBER: | 13CR2298-H | |

## RESTITUTION

Defendant Jaime Cuadra shall pay the following restitution:

(1) $1,089,813.26 to Umami Sustainable Seafood, Inc., 1230 Columbia Street, San Diego, CA, 92101; and

(2) $387,347.58 (plus any applicable penalties) to the Internal Revenue Service., IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave, Kansas City, MO 64108

Restitution shall be paid in accordance with the procedures set forth in 18 U.S.C. § 3664. Specifically, the Internal Revenue Service shall not receive any restitution unless and until full restitution has been paid to Umami Sustainable Seafood, Inc. 18 U.S.C. § 3664(i). Additionally, if a victim receives compensation from any source other than Defendant, the Defendant shall pay restitution to the source of the compensation. 18 U.S.C. § 3664(j)(1).

Any restitution, restitution judgment, payment provisions, and collection actions are intended to, and will survive Defendant. Restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

Payment shall be forthwith. Nonetheless, if Defendant does not pay the full restitution amounts on or before the January 31, 2014 self-surrender date, Defendant shall pay restitution according to the following schedule:

a) $40,000 on or before January 31, 2014;
b) During his incarceration, at a rate of 50% through the Inmate Responsibility Program, or $25 per quarter, whichever is greater; and
c) Upon Defendant's release from custody, pursuant to the following schedule:

| AMOUNT OF GROSS INCOME | PERCENTAGE OF GROSS INCOME TO BE PAID TO RESTITUTION |
|---|---|
| $0-49,999 | 10% |
| $50,000-99,999 | 20% |
| $100,000-149,999 | 30% |
| $150,000-199,999 | 40% |
| $200,000 and above | 50% |

The Court has determined that the defendant   does   have the ability to pay interest.

13CR2298-H